UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

    *Plaintiff*,

v.                                                                             Case No. 5:23-CV-0606-JKP

CHRISTIAN ALEXANDER MORENO
and ABILENE SCHNEIDER MORENO,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Plaintiff Allstate Vehicle and Property Insurance Company's Motion for Entries of Default and for Default Judgments Against Defendants Christian Alexander Moreno and Abilene Schneider Moreno* (ECF No. 10). Pursuant to Fed. R. Civ. P. 55(b)(1), Plaintiff requests that the Clerk of Court enter defaults and default judgments against both defendants. ECF No. at 3. It contends that neither defendant is entitled to notice of default due to their failures to file a responsive pleading or to otherwise defend this action. This is an action for declaratory judgment. For the reasons that follow, the Court denies the motion while construing it in part as a request for entry of default under Fed. R. Civ. P. 55(a).

In federal court, Fed. R. Civ. P. 55 governs entry of default and default judgment. Rule 55(a) governs entry of default, whereas Rule 55(b) governs entry of default judgment. Under Rule 55(b), a three-step process applies for obtaining a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As an initial matter, there must be an actual default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *accord* Fed. R. Civ. P. 55(a). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons

or complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Next, there must be an actual entry of default by the clerk under Rule 55(a), which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. And finally, once there is an entry of default, a "plaintiff may apply for a judgment based on such default." *Id.*

Parties are "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Whether a court enters default judgment is committed to its sound discretion. *Id.* Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Through one court filing, Plaintiff seeks both entry of default and entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(1). But the procedural process set out in *N.Y. Life Ins. Co.* requires multiple steps. Plaintiff submits that defendants are in default. It then combines the second and third steps into one. "Although the Court recognizes that the process is somewhat inefficient, the law is clear that the steps outlined in Rule 55 must be performed separately." *Canopius Cap. Two Ltd. v. Jeanne Estates Apartments, Inc.*, No. 4:16-CV-4032, 2018 WL 8370331, at *2 (W.D. Ark. Mar. 21, 2018) (addressing similar multi-step process of the Eighth Circuit). It "is procedurally improper for a party to move for default judgment before seeking entry of default from the clerk." *Id*. A simultaneous filing is likewise precluded.

Given the instant filing, the Court may construe it in part as a Rule 55(a) request for entry of default. *See id*. And while such construction may also result in a direction to enter default, *see id*., the better approach is to have the Clerk of Court consider the filing under the Court's normal procedures, and consistent with such procedures, either enter defaults or not. **Accordingly, to**

**the extent the motion seeks entry of default, the Court DIRECTS the Clerk of Court to consider it as a Rule 55(a) request for entry of default as to both defendants**. If Plaintiff has not satisfied all requirements for entry of default, the Clerk of Court shall note any deficiency through normal procedures. If Plaintiff has satisfied all requirements for entry of default against a given defendant, the Clerk of Court shall enter a clerk's default as to such defendant.

However, to the extent Plaintiff seeks entry of a default judgment, the Court **DENIES** the motion (ECF No. 10) without prejudice for two reasons. First, the motion is premature as noted above. Second, Plaintiff seeks default judgment under Fed. R. Civ. P. 55(b)(1), which only applies if the "claim is for a sum certain." Seeking declaratory judgment does not "qualify as a sum certain, and thus the Clerk lacks the authority to grant the Default Judgment Motion." *Luma v. Dib Funding, Inc.*, No. CV ELH-20-2504, 2022 WL 181156, at *11 (D. Md. Jan. 19, 2022) (citing cases); *accord W. World Ins. Co. v. Czech*, 275 F.R.D. 59, 62 (D. Mass. 2011) ("Because Western World seeks a declaratory judgment that it owes no duty to defend or indemnify Williams, plaintiff's claim is not for a 'sum certain' within the meaning of Fed. R. Civ. P. 55(b)(1) and thus the Clerk was not authorized to enter the Default Judgment.").

**IT IS SO ORDERED this 6th day of July 2023.**

*[Signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**