UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY,**

   *Plaintiff*,

v.                                                                         Case No. 5:23-CV-0606-JKP

**CHRISTIAN ALEXANDER MORENO**
**and ABILENE SCHNEIDER MORENO,**

   *Defendants*.

**<u>MEMORANDUM OPINION AND ORDER</u>**

       The Court has under consideration *Plaintiff Allstate Vehicle and Property Insurance Company's Motion for Default Judgments Against Defendants Christian Alexander Moreno and Abilene Schneider Moreno* (ECF No. 13). Pursuant to Fed. R. Civ. P. 55(b)(1), Plaintiff seeks the entry of default judgments against both defendants. It provides legitimate reasons for finding that default judgment is procedurally warranted against both defendants. But that is only one step in determining whether the Court should enter default judgment. *See RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823-26 (W.D. Tex. 2020) (thoroughly addressing necessary prerequisites before courts enter a default judgment).

       Courts apply "a three-part test to determine whether a default judgment should be entered." *Id*. at 823. Before entering a default judgment courts (1) consider whether such "judgment is procedurally warranted"; (2) assess the substantive merits of asserted "claims to determine whether there is a sufficient basis in the pleadings for the judgment"; and (3) examine the requested relief to determine "what form of relief, if any, the plaintiff should receive." *Id*. Further, as in all cases, courts should assure that federal jurisdiction exists. *Id*.

       "Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and

precise affirmative jurisdictional allegations' in their pleadings." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). And one "frequent source of confusion" lies in the difference between residency and citizenship. *Id*. Here, Plaintiff identifies where the individual defendants reside, but jurisdiction is based upon citizenship of the parties. "Citizenship" and "residence" are not synonymous terms in this context. *Id*. "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id*. (quotations and brackets omitted). By relying on "allegation[s] of residency alone," Plaintiff has not satisfied "the requirement of an allegation of citizenship." *See id*. (citation omitted).

Although there appears to be no issue that default judgment is procedurally warranted on the facts of this case, there must also be a sufficient basis in the pleadings for the judgment. *See RLI Ins. Co.*, 581 F. Supp. 3d at 824-25 (finding default judgment procedurally warranted on similar facts and proceeding to consider the sufficiency of the pleadings). In this case, Plaintiff provides the following paragraph within its motion:

> The Plaintiff's Original Complaint for Declaratory [sic] sets forth a valid claim for declaratory judgment. By virtue of their defaults, Defendants may not challenge any of the factual allegations supporting that claim. Accordingly, a judicial declaration that the policy of insurance issued to Carlos Moreno does not apply to afford coverage for the claims made against the Defendants in the Underlying Lawsuit is warranted.

That is the extent of any argument or suggestion of factual sufficiency.

The Court finds that paragraph grossly insufficient for it to assess the substantive merits of any asserted claim to determine whether a sufficient basis in the pleadings exist for the judgment requested. When a party applies "to the court for a default judgment," the Court has discretionary authority to conduct a hearing when "it needs to . . . (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). This rule "does

not require an evidentiary hearing," and "explicitly grants the district court wide latitude." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Although the rule has undergone amendments since *James*, nothing indicates that the changes have affected the broad discretion accorded to the district courts. That discretion includes requiring the movant to provide "some proof of the facts that must be established to determine liability." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (parenthetically quoting 10A Charles A. Wright et al., Fed. Practice & Procedure § 2688 (3d ed.1998)). But even before a Court needs to consider whether to conduct a hearing, it may require the party moving for a default judgment to provide a basis for its motion by specific argument and reference to the well-pleaded allegations of the operative pleading.

To be sure, the Court could review the entirety of the original complaint to ascertain whether there is a valid basis for entry of default judgment on the facts alleged. And such review would not be unduly onerous in this case because the complaint is only seven pages in length. But invoking Rule 55(b)(2) requires the movant to apply for a default judgment. Implicit within such an application lies the need to show a basis for default judgment – both procedurally and substantively. Not only does the movant have those burdens, but it has the burden "to establish its entitlement to recovery," which relates to the form of relief sought in the operative pleading. *RLI Ins. Co.*, 581 F. Supp. 3d at 826. Courts may not enter a default judgment that "differ[s] in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Just as a party does not satisfy its burden on a motion to dismiss by simply invoking Fed. R. Civ. P. 12(b)(6), *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021), a party does not carry its burden to show a basis for default judgment by simply invoking Rule 55(b)(2) and stating that it has a viable claim. While a defaulting de-

fendant "admits the plaintiff's well-pleaded allegations of fact," the "default does not in itself warrant the court in entering a default judgment." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). This is so, because "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id*. Defaulting defendants do not "admit facts that are not well-pleaded." *Id*. Nor do they "admit conclusions of law." *Id*. Courts do not treat a default "as an absolute confession by the defendant of . . . liability and of the plaintiff's right to recover." *Id*. Thus, courts may, as part of the movant's burden, require the party moving for default judgment to identify the well-pleaded facts that it considers to be a sufficient basis for the default judgment sought. The movant should make necessary arguments to link those facts to the claims asserted and to explain why default judgment is warranted.

Plaintiff either expects the Court to rubberstamp the requested default judgment or to search the original complaint for the well-pleaded facts and make its arguments to support the requested default judgment. This is not the role of the courts. Movants seeking default judgment generally identify the well-pleaded factual allegations or provide other factual support for their motions and make arguments connecting the well-pleaded facts or other evidence to their claims. In general, courts review the briefing, evidence, and identified well-pleaded allegations. If such review reveals a need for a hearing, it conducts the hearing in accordance with Rule 55(b). And, like Rule 56 which imposes no duty on the courts to search the record, *see Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010), Rule 55 imposes no duty to unilaterally search the pleadings. It is incumbent upon the movant to show entitlement to a default judgment. One does not satisfy that burden by merely stating that the complaint sets forth a valid claim.

For these reasons, the Court **DENIES** *Plaintiff Allstate Vehicle and Property Insurance*

*Company's Motion for Default Judgments Against Defendants Christian Alexander Moreno and Abilene Schneider Moreno* (ECF No. 13) without prejudice to Plaintiff filing another such motion that corrects the deficiencies noted herein. Any such motion shall be filed **on or before October 25, 2023**, and include a proposed judgment for the Court to enter should it find a default judgment warranted. In addition, Plaintiff may include with such motion whatever evidence it wants the Court to consider in making its determination as to entry of default judgment. If Plaintiff does not timely file a motion that corrects the jurisdictional deficiency and entitles it to default judgment, the Court may dismiss this case through Fed. R. Civ. P. 41 for lack of prosecution or failure to comply with a court order.

**IT IS SO ORDERED this 27th day of September 2023.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**